UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARGARET K.,

                                         Plaintiff,

                                  v.

ANDREW SAUL,
Commissioner of Social Security,

                                       Defendant.

_____

                                                                      DECISION AND ORDER

                                                                      20-CV-0456L

      Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

      On June 30, 2016, plaintiff filed applications for a period of disability and disability insurance benefits, and for supplemental security income. Both alleged an inability to work since October 24, 2014. (Dkt. #9 at 11). Those applications were initially denied. Plaintiff requested a hearing, which was held December 18, 2018, via videoconference before Administrative Law Judge ("ALJ") Eric Eklund. The ALJ issued an unfavorable decision on January 14, 2019, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #9 at 11-21). That decision became the final decision of the Commissioner when the Appeals Council denied review on February 21, 2020 (Dkt. #9 at 1-3). Plaintiff now appeals.

      The plaintiff has moved pursuant to Fed. R. Civ. Proc. 12(c) for judgment vacating the ALJ's decision and remanding the matter for further proceedings (Dkt. #14), and the

Commissioner has cross moved for judgment dismissing the complaint (Dkt. #15). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the complaint is dismissed.

## DISCUSSION

Familiarity with the five-step evaluation process for determining Social Security disability claims is presumed. *See* 20 CFR §404.1520. The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

## DISCUSSION

### I.  The ALJ's Decision

Plaintiff was born May 4, 1966, and was 48 years old on the alleged onset date, with a high school education and past relevant work as a home health aide and certified nursing assistant. (Dkt. #9 at 20). Her treatment records reflect a history of myalgia, asthma/chronic obstructive pulmonary disease ("COPD"), osteoarthritis, lumbar degenerative disease at L2-3 and L4-5, spondylosis, and early degenerative joint disease, status post right foot fracture of the first metatarsal phalangeal joint, status post left foot partial thickness tear of peroneus longus tendon and tenosynovitis of the tibialis posterior tendon, and status post arthrodesis of the first tarsometatarsal articulation, all of which the ALJ found to be severe impairments.[1]

The ALJ determined that the plaintiff retained the residual functional capacity ("RFC") to perform light work, with the following limitations: plaintiff can never climb ladders, ropes, or

---

[1] The record also contains evidence of mental health treatment for depression and panic disorder. The ALJ applied the special technique and concluded that plaintiff's depression and panic disorder have resulted in no more than mild limitations, and that they are not severe impairments. (Dkt. #9 at 14). Plaintiff does not challenge this finding, and the Court finds no reason to disturb it.

scaffolds, and can never crawl. She can no more than occasionally balance, stoop, kneel, crouch, or operate foot controls. She must avoid exposure to extreme heat and cold, wetness, and humidity, and have no exposure to concentrated fumes, odors, dusts, gases, poorly ventilated areas, and concentrated chemicals. (Dkt. #9 at 16).

When presented with this RFC at the hearing, vocational expert ("VE") Dr. James S. Cohen testified that plaintiff could not return to her past relevant work, which was performed at the medium exertional level, but could perform the light, unskilled positions of mailroom clerk, office helper, and assembler. (Dkt. #9 at 20). The ALJ accordingly found plaintiff not disabled.

## II.     The ALJ's Assessment of Dr. Kwayke-Berko's Opinions

Plaintiff contends that the ALJ failed to properly evaluate the opinions of plaintiff's treating primary care physician, Dr. Danielle Kwakye-Berko. The record contained two opinions from Dr. Kwakye-Berko, dated December 8, 2015 and November 4, 2016. (Dkt. #9 at 321-22; Dkt. #10 at 1291-92). The ALJ did not specify the weight given to the December 8, 2015 opinion, except to note that it was "consistent" with his RFC finding, and in fact, appeared unsure which of plaintiff's treatment providers had authored it, given the illegibility of the signature. (Dkt. #9 at 19, 321-22). The ALJ did not mention or explicitly assess the November 4, 2016 opinion (Dkt. #10 at 1291-92), and may have overlooked it.

Dr. Kwakye-Berko's December 8, 2015 opinion indicates the following limitations: "moderate" limitations in walking, standing, sitting, lifting/carrying, pushing/pulling/bending, and climbing. (Dkt. #9 at 321-22). In response to the question of whether plaintiff had any severe impairments expected to last for 12 months or more, Dr. Kwakye-Berko indicated that plaintiff had "no severe impairment noted on exam[ination]." (Dkt. #9 at 322).

Dr. Kwakye-Berko's November 4, 2016 opinion describes "moderate" limitations in walking, standing, sitting, and climbing, which are expected to last "4-6 months," and answers the question of whether plaintiff has severe impairments meeting the durational requirement with, "N[ot] A[pplicable]." (Dkt. #10 at 1291-92).

The ALJ's RFC finding limited plaintiff to light work, which by definition involves standing or walking for a total of up to 6 hours in an 8-hour workday, sitting intermittently, lifting no more than 20 pounds and carrying up to 10 pounds frequently, no more than occasional stooping, kneeling, or crouching, and no climbing. (Dkt. #9 at 16).

The ALJ's failure to consider Dr. Kwakye-Berko's November 4, 2016 opinion, or to apply the treating physician rule and specify the precise weight given to either of Dr. Kwayke-Berko's opinions, was clearly erroneous. However, because Dr. Kwayke-Berko's opinions did not set forth any limitations that exceeded or contradicted the ALJ's RFC finding, the ALJ's failure to thoroughly discuss and weigh them was harmless error. *See Porzio v. Saul*, 2020 U.S. Dist. LEXIS 175598 at *7 (W.D.N.Y. 2020)(ALJ's failure to discuss medical opinions of record was harmless error, where those opinions "did not specify limitations that exceeded or contradicted the ALJ's RFC finding"); *Mitscher v. Berryhill*, 2019 U.S. Dist. LEXIS 68515 at *12 (W.D.N.Y. 2019)(ALJ's failure to properly weigh opinions is harmless where the ALJ's decision does not conflict with them); *Swain v. Colvin*, 2017 U.S. Dist. LEXIS 8829 at *7-*8 (W.D.N.Y. 2017)(same).

Specifically, courts have repeatedly found that a claimant can perform light work, despite moderate difficulties in performing exertional activities such as sitting, standing, or walking. *See Alexander v. Commissioner*, 2020 U.S. Dist. LEXIS 173895 at *21 (W.D.N.Y. 2020)(moderate limitations in walking and standing are not inconsistent with performance of light work); *Cottrell*

4

*v. Comm'r of Soc. Sec.*, 2019 U.S. Dist. LEXIS 7180 at *9 (W.D.N.Y. 2019) (internal quotation marks omitted) (collecting cases); *Harrington v. Colvin*, 2015 U.S. Dist. LEXIS 22357 at *36-*37 (W.D.N.Y. 2015) (collecting cases, and noting that some courts have found that "moderate limitations for sitting, standing and walking [are not] inconsistent with a determination that the claimant can perform the requirements of light or medium work").

Moreover, to the extent that Dr. Kwakye-Berko's references to "moderate" limitations could be viewed as too ambiguous to determine whether they are consistent with the ALJ's detailed RFC finding, the ALJ supported his finding with other substantial evidence in the record, including: treatment notes showing grossly normal objective findings with respect to gait, range of motion, and strength (Dkt. #9 at 557-58, 561-62; Dkt. #10 at 656-62, 1009-1013, 1019-1023, 1103-1106); the July 29, 2016 opinion of consulting internist Dr. Samuel Balderman, who found only "mild" exertional limitations (Dkt. #9 at 498-501); the July 14, 2017 opinion of treating internist Dr. Nadia Polataiko, specifying only "moderate" limitations in lifting and walking, defined as lifting no more than 30 pounds, and avoiding "continuous walking" (Dkt.#10 at 1304-1305); and the November 8, 2018 opinion of reviewing physician Dr. J. Biddison, who opined that plaintiff could occasionally lift and carry up to 20 pounds, and sit/stand/walk for up to 6 hours in an 8-hour workday, in addition to several postural limitations that were wholly adopted by the ALJ. (Dkt. #10 at 1107-1114). Dr. Balderman's opinion, in particular, was based on a thorough in-person examination supported by objective findings, including normal gait, full range of motion in the spine and all extremities, negative straight leg raising tests, full muscle strength in all extremities, full grip strength, intact hand and finger dexterity, and no atrophy or sensory deficits. (Dkt. #9 at 499-500).

These records, upon which the ALJ relied to varying degrees, furnished substantial evidence in support of his detailed RFC determination, and the record does not compellingly support a finding of any greater limitations. *See generally Dumas v. Schweiker*, 712 F.2d 1545, 1553 (2d Cir.1983) (an ALJ may "rely not only on what the record says, but also on what it does not say").

In sum, I find that to the extent that the ALJ erred in failing to overtly apply the treating physician rule to Dr. Kwakye-Berko's opinions, and/or in possibly overlooking one of those opinions, such error was harmless. I otherwise conclude that the ALJ's decision is supported by substantial evidence, and is not the product of legal error requiring remand.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #14) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #15) is granted. The ALJ's decision is affirmed in all respects, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 4, 2021.